Because of the proximity of the proposed transferee courts, selection of any one of them would not seriously prejudice any party. On balance, we believe that the Middle District of North Carolina is preferable. Since Smith resides in that district, a substantial amount of the relevant discovery will occur there. Further, there are more actions pending in that district than in any other.

It is therefore ordered that the actions listed on the following Schedule A and pending in districts other than the Middle District of North Carolina be, and the same hereby are, transferred to the Middle District of North Carolina and, with the consent of that court, assigned to the Honorable Hiram H. Ward for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407 with the actions pending in that district and listed on Schedule A.

SCHEDULE A

DOCKET NO. 232

Eastern District of North Carolina

| | |
|---|---|
| Joseph F. Smith v. Akzona, Inc. | Civil Action No. 75–0026–CIV–8 |

Western District of North Carolina

| | |
|---|---|
| Joseph F. Smith v. American Barmag Corp. | Civil Action No. C–C–75–238 |
| Joseph F. Smith v. Scragg North America, Inc. | Civil Action No. C–C–75–239 |

Middle District of North Carolina

| | |
|---|---|
| Joseph F. Smith v. ARCT, Inc. | Civil Action No. C–75–316–G |
| Joseph F. Smith v. Burlington Industries, Inc. | Civil Action No. C–75–315–G |
| Joseph F. Smith v. Macfield Texturing, Inc. | Civil Action No. C–75–317–G |



---

In re U. S. NAVY VARIABLE REENLISTMENT BONUS LITIGATION.

No. 224.

Judicial Panel on Multidistrict Litigation.

Feb. 10, 1976.

Plaintiff in three actions alleging breaches of contracts by reason of failure of Navy to pay reenlistment bonuses moved to transfer all actions to the Southern District of California, in which four actions were pending, for coordinated or consolidated pretrial proceedings. Defendants and plaintiffs in 17 actions opposed the motion. The Judicial Panel on Multidistrict Litigation held that transfer to a single forum would neither serve the convenience of the parties and their witnesses nor promote the just and efficient conduct of the litigation where appeals were pending in two circuits which could have a substantial if not dispositive effect on all the actions pending in districts within those circuits, and questions of law rather than common questions of fact were significantly preponderant.

Motion denied.

1. Courts ⏀277.2

Transfer of multidistrict actions, for breach of contract by Navy in failure to pay reenlistment bonuses to plaintiffs, to the Southern District of California in which four actions were pending, would not serve the convenience of the parties and their witnesses or promote the just and efficient conduct of the litigation where appeals were pending before Court of Appeal in two circuits and disposition of those appeals could have a substantial if not dispositive effect on all the actions pending in districts within those circuits, and where questions of law rather than common questions of fact were significantly preponderant. 28 U.S.C.A. § 1407.

---

the transferee judge. The scope of the coordinated or consolidated pretrial proceedings and the extent to which discovery is permitted are matters exclusively within the control of the transferee judge." *In re Molinaro Catanzaro Patent Litigation*, 402 F.Supp. 1404 (Jud.Pan. Mult.Lit.1975).

**2. Courts ⇔277.2**

Transfer of actions for consolidated pretrial proceedings is unwarranted where questions of law rather than common questions of fact are significantly preponderant. 28 U.S.C.A. § 1407.

---

Before ALFRED P. MURRAH*, Chairman, and JOHN MINOR WISDOM, EDWARD WEINFELD*, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III, and STANLEY A. WEIGEL, Judges of the Panel.

## OPINION AND ORDER

PER CURIAM.

This litigation consists of 25 actions pending in nine various federal district courts: eight in the District of South Carolina; five in the District of Hawaii; four in the Southern District of California; three in the Western District of Washington; and one each in the Northern, Central and Eastern Districts of California, the District of Idaho and the Northern District of Florida.

All plaintiffs are United States Navy personnel who enlisted in that branch of the service between 1970 and May 1974. At or about the time of their initial enlistment, plaintiffs allegedly were induced by the Navy to agree prospectively to reenlist for an additional two or three-year period subsequent to the termination of their original active-duty tenures. As partial consideration for their reenlistment, plaintiffs were to be trained in certain military occupational specialities for which the Navy had a critical need. Upon the actual commencement of their reenlistments, plaintiffs were to receive the additional compensation of a "Variable Reenlistment Bonus" (hereinafter referred to as "VRB"), which now is valued by plaintiffs at approximately $4,000-$6,500 per service person.

In mid-1974, Congress eliminated the mandated payment of the VRB. Each plaintiff whose reenlistment was to commence on June 1, 1974, or within the following four years, was advised by the Navy that it was no longer obligated to pay the VRB. The Navy took the position that Congress' action was retroactive, thereby negating the VRB provisions in any reenlistment agreement executed prior to June 1974. Nevertheless, plaintiffs were required by the Navy to reenlist pursuant to their agreements, and any plaintiffs refusing to do so were subject to court-martial proceedings.

All the actions allege breaches of contract by the United States, the Navy and plaintiffs' commanding officers, and sue for one or both of two remedies—the payment of the VRB or the cancellation of the reenlistment contracts. Four of the actions purport to be class actions: one on behalf of a nationwide class of service personnel affected by the elimination of the VRB and the other three on behalf of regional classes.

Plaintiffs in three of the actions move the Panel for an order transferring all actions to the Southern District of California for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407.[1] All defendants and plaintiffs in seventeen of the actions oppose the motion.

[1] While these actions may involve some common questions of fact, we find that at this time their transfer to a single forum under Section 1407 will neither serve the convenience of the parties and their witnesses nor promote the just and efficient conduct of this litigation.

Movants maintain that transfer of these actions is necessary because they share common factual and legal issues pertaining to whether the Navy can withhold the VRB from those service people who reenlisted for another two or

---

* Judges Murrah and Weinfeld were unable to attend the Panel hearing and, therefore, took no part in the consideration or decision of this matter.

1. In addition to the 25 actions now before the Panel, a related action, Carini, is on appeal and under submission with the United States Court of Appeals for the Fourth Circuit. Moreover, after the transfer motion was filed, we were advised that one of the actions included in the motion, Akin, was on appeal to the United States Court of Appeals for the Ninth Circuit.

IN U. S. NAVY VARIABLE REENLISTMENT BONUS LIT. 1407
Cite as 407 F.Supp. 1405 (1976)

three-year period to obtain, in part, their bonuses. Movants also urge centralization in order to prevent any possibility of inconsistent determinations regarding class, other pretrial and appellate rulings.

We are not persuaded, however, that transfer of this litigation in its present posture is appropriate. Of the 25 actions now before us, sixteen were filed in districts within the Ninth Circuit, eight were filed in districts within the Fourth Circuit, and one was filed in a district within the Fifth Circuit. Since appeals in this litigation are presently pending before the Courts of Appeal for the Fourth and Ninth Circuits, and since the disposition of those appeals could have a substantial if not dispositive effect on all the actions pending in districts within those circuits, leaving only a single action in another jurisdiction, we believe that the most prudent course to follow is to deny transfer under Section 1407.

[2] Even assuming, *arguendo*, that this litigation was not dominated by appellate activity, on the basis of the record before us, we are of the view that questions of law rather than common questions of fact are significantly preponderant and, hence, Section 1407 treatment would in any event be unwarranted. Nonetheless, our denial of transfer is without prejudice to the right of any party to seek transfer under Section 1407 at a later date if he or she feels that a future change in circumstances so requires.

It is therefore ordered that the motion to transfer the actions listed on the following Schedule A be, and the same hereby is, denied without prejudice to the right of any party to move for transfer at a later time.

### SCHEDULE A

**Southern District of California**

| | |
|---|---|
| Steven C. Wood, et al. v. United States, et al. | Civil Action No. CV75-0382-N |
| Roy W. Aikin, et al. v. United States, et al. | Civil Action No. CV75-0062-N |
| Harry Ing Scarborough, III v. Schlesinger, et al. | Civil Action No. CV74-585-N |
| Henry D. Ruble v. Schlesinger, et al. | Civil Action No. CV75-0272-N |

**District of Hawaii**

| | |
|---|---|
| Earl B. Collins, et al. v. Schlesinger, et al. | Civil Action No. 75-0053-P |
| Bradley W. Johnson, et al. v. James R. Schlesinger, et al. | Civil Action No. 75-0079-P |
| Joe L. Aprill, et al. v. James R. Schlesinger, et al. | Civil Action No. 75-0142-P |
| Daniel Lee Armour, et al. v. James R. Schlesinger, et al. | Civil Action No. 75-0021 |
| Neill E. Achterhof, et al. v. James R. Schlesinger | Civil Action No. 75-0275 |

**Western District of Washington**

| | |
|---|---|
| Edward W. Braswell, et al. v. Webster, et al. | Civil Action No. C75-286S |
| Robert Alan Borschowa v. William J. Middendorf, II | Civil Action No. 75-599S |
| Edward A. Birdsall v. United States of America, et al. | Civil Action No. 75-510S |

**District of South Carolina**

| | |
|---|---|
| Andrew C. Agnew, Jr., et al. v. James R. Schlesinger, et al. | Civil Action No. 75-1624 |
| Jesse R. Bailey, et al. v. Vincent Sylvester, et al. | Civil Action No. Civ. 75-9 |
| Earl Lloyd Alderfer, et al. v. James R. Schlesinger, et al. | Civil Action No. 74-1854 |
| James A. Crawford, et al. v. Frederick N. Margol, et al. | Civil Action No. Civ. 75-227 |
| Bruce Edward Blockus v. James Schlesinger | Civil Action No. Civ. 75-962 |
| Thomas H. Grezeika v. James R. Schlesinger, et al. | Civil Action No. Civ. 1220 |
| Larry E. Wilson, et al. v. James R. Schlesinger, et al. | Civil Action No. Civ. 75-1344 |
| Allen W. Johnston v. James R. Schlesinger | Civil Action No. Civ. 75-1288 |

**Northern District of Florida**

| | |
|---|---|
| Ralph C. Beard, et al. v. United States of America, et al. | Civil Action No. 75-561-Civ.-J-S |

**Northern District of California**

| | |
|---|---|
| Alvin A. Kleveno, et al. v. Rogers, et al. | Civil Action No. C74-2535-AJZ |

**Eastern District of California**

| | |
|---|---|
| Douglas A. Braye, et al. v. Webster, et al. | Civil Action No. Civ. S-74-484 |

**Central District of California**

| | |
|---|---|
| John C. Adams, Jr., et al. v. United States | Civil Action No. CV74-1585-ALS |

**District of Idaho**

| | |
|---|---|
| Bruce Michael Switzer, et al. v. United States, et al. | Civil Action No. Civ. 4-75-11 |

